James R. OHSE, Plaintiff–Appellant,

v.

Michael HUGHES, et al., Defendants–Appellees.

No. 85–3074.

United States Court of Appeals, Seventh Circuit.

Nov. 25, 1988.*

---

* This opinion supersedes the previous unpublished order issued by the court, *Ohse v. Hughes,* No. 85–3074 (7th Cir. May 13, 1988) [848 F.2d 196 (table)]. In light of the present opinion, the petition for rehearing is hereby denied.

O'Rourke, Stewart, Martin & Helm, Ltd., Danville, Ill., for defendants-appellees.

## DECISION ON PETITION FOR REHEARING

Before CUDAHY and FLAUM, Circuit Judges, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

This case was remanded by the United States Supreme Court for further consideration in light of the decision in *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). *See* — U.S. —, 108 S.Ct. 1070, 99 L.Ed.2d 230 (1988). *Forrester* held that judicial officers were not entitled to absolute immunity from suit unless those officials were acting in a judicial or quasi-judicial capacity when making the challenged decision. The *Forrester* Court stressed that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." 108 S.Ct. at 544 (emphasis original).

The present case involves a decision made by three Illinois Circuit Court judges to terminate a probation officer.[2] The decision was made after a hearing, at which Ohse was present, which bore at least a passing resemblance to a judicial proceeding. However, Ohse contends that the judges were intimately involved in the preparation of the charges against him, were named as witnesses in the charges which sought Ohse's termination, had personal knowledge of the basis of the charges and personally conducted interviews outside of the hearing designed to determine the basis for the charges. Ohse also claims that the procedures for the hearing were unwritten and perhaps formulated as the hearing progressed. He also notes that he was denied the right to

Joseph D. Pavia, Kirtley–Pavia–Marsh, Urbana, Ill., for plaintiff-appellant.

Gabriel M. Rodriguez, Asst. Atty. Gen., Chicago, Ill., Steven M. Helm, Dukes

1. The Honorable William J. Campbell, of the United States District Court for the Northern District of Illinois, sitting by designation. Judge Campbell, who was a member of the panel assigned to this case, died on October 19, 1988 and only Judges Cudahy and Flaum participated in the issuance of this opinion.

2. For a fuller discussion of the facts of this case, see our prior opinion in *Ohse v. Hughes,* 816 F.2d 1144 (7th Cir.1987).

present his own witnesses or to cross-examine the witnesses presented against him.

On remand from the Supreme Court, this court initially issued an unpublished order which found, as a matter of law, that the defendants were not entitled to absolute immunity. *Ohse v. Hughes,* No. 85–3074 at 2 (7th Cir. May 13, 1988) [848 F.2d 196 (table)]. Defendants subsequently filed a petition for rehearing, and an answer was requested from the plaintiff. In light of the arguments presented, we have decided to vacate the prior order, and remand the case to the district court for a determination whether absolute immunity is appropriate under the circumstances of this case.

 It is possible that under the *Forrester* decision the defendants might be able to demonstrate that they possessed the independence and impartiality which is essential to a finding of absolute immunity. In determining whether the defendant judges are entitled to absolute immunity, the court must consider both the procedures employed in the termination hearing, and the relationship of the judges to the issues and litigants appearing before them. As to the hearing procedures, important factors include: whether Ohse was granted the right to counsel, to compel the attendance of witnesses, to cross-examine adverse witnesses and to discovery; whether a verbatim transcript of the hearing was made; whether a discernible burden of proof governed the judges' decision; and whether the testimony admitted was hearsay or patently self-serving. Further, the judges' claim to absolute immunity would be weakened to the extent that they had personal familiarity with the subject matter of the dispute, were aligned in interest with one of the parties appearing before them, participated in the formulation or presentation of the arguments of either litigant or conducted an independent examination of the facts without the benefit of argument by the opposing sides. For further discussion of the factors which must guide the court in determining whether a judicial or quasi-judicial officer is entitled to absolute immunity, see *Forrester,* 108 S.Ct. at 544 ("The paradigmatic judicial acts involve[ ]

resolving disputes between parties who have invoked the jurisdiction of a court."); *Cleavinger v. Saxner,* 474 U.S. 193, 202–06, 106 S.Ct. 496, 501–04, 88 L.Ed.2d 507 (1985); *Butz v. Economou,* 438 U.S. 478, 512–14, 98 S.Ct. 2894, 2913–15, 57 L.Ed.2d 895 (1978). A full weighing of these factors may not be possible on the current record; we therefore remand this case to the district court for further consideration of the absolute immunity issue.

Based on the foregoing, the court orders the following:

1. The Court's decision in *Ohse v. Hughes,* 816 F.2d 1144 (7th Cir.1987) is reinstated except for the final section of the Court's opinion which is designated "Miscellaneous." *See Ohse,* 816 F.2d at 1154–56. The section designated "Miscellaneous" remains vacated pursuant to the Supreme Court's memorandum decision;

2. The question of the possible absolute immunity of defendant Judges Spitz, Sunderman and Komada is remanded to the district court for further proceedings consistent with this opinion; depending on its resolution of the absolute immunity issue, the district court may undertake additional proceedings not inconsistent with this opinion;

3. State law claims which were not addressed on account of the dismissal of all federal claims shall be reinstated for disposition depending on the eventual disposition of the federal claims; and

4. Pursuant to the Supreme Court's order of February 29, 1988, defendants Spitz, Sunderman and Komada shall pay $200 to plaintiff for costs incurred on appeal, such payment to be made within five days of the date of this opinion.

Accordingly, this cause is reversed and remanded to the district court for further proceedings consistent with this opinion.

SO ORDERED.