1 F.3d 1244
Unpublished Disposition
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pastori M. BALELE, Plaintiff/Appellant,
v.
John P. SCHUSTER and Judge Mark Frankel, Defendants/Appellees.
 No. 92-3681.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided July 30, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Pastori Balele brought an action under 42 U.S.C. Secs. 1981, 1983, and 1985, alleging that John Schuster, an attorney, and Judge Mark Frankel, a judge for the Circuit Court of Dane County, conspired to deprive him of his right to due process and a fair judicial hearing. The district court dismissed his complaint against both defendants, and Balele appeals.
 
 
 2
 For the reasons stated in the attached district court opinion and order,[1] we AFFIRM.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF WISCONSIN
 
 4
 PASTORI M. BALELE, Plaintiff,
 
 
 5
 v.
 
 
 6
 JOHN P. SCHUSTER, JUDGE MARK FRANKEL, Defendants.
 
 OPINION and ORDER
 92-C-480-C
 
 7
 BARBARA B. CRABB, District Judge.
 
 
 8
 This is a civil action brought pursuant to 42 U.S.C. Sec. 1981, 1983, and 1985, the Fourteenth Amendment, and the Civil Rights Act of 1964. Plaintiff alleges that defendants conspired to deprive him of his right to due process and a fair judicial hearing. The case is before the court on defendants' separate motions to dismiss.
 
 
 9
 Because defendant Frankel is absolutely immune to a suit for damages based on actions taken in his judicial capacity and because none of the actions he is alleged to have taken would have been outside his judicial authority, his motion to dismiss plaintiff's claim for money damages will be granted. Because plaintiff has shown no basis for an injunction or for declaratory relief against this defendant, his motion to dismiss will be granted as to those claims as well. The complaint against defendant Schuster will be dismissed for plaintiff's failure to state a claim against this defendant on which relief may be granted.
 
 
 10
 For the sole purpose of deciding the motions to dismiss, I find that the operative complaint, which is the first amended complaint, can fairly be read as alleging the following.
 
 ALLEGATIONS OF FACT
 
 11
 Plaintiff is a black male resident of Wisconsin. Defendant John P. Schuster is a white male lawyer, appointed as guardian ad litem for plaintiff's children in an action in the Circuit Court for Dane County, Wisconsin. Defendant Judge Mark Frankel is a white male employed as a judge for the Circuit Court for Dane County.
 
 
 12
 In 1990, plaintiff filed a discrimination suit against defendant Schuster in this court, charging that defendant had discriminated against him because of his race and sex while acting as guardian ad litem for plaintiff's children in a child support action in Dane County Circuit Court. At the conclusion of the case, defendant moved for sanctions pursuant to Fed.R.Civ.P. 11 in the amount of $2,167.00. The motion for sanctions was granted, but the award was limited to $250.00 in light of plaintiff's financial circumstances.
 
 
 13
 Four months later, defendant Schuster approached defendant Frankel's court to see whether he could recover the remainder of the attorney's fees he had incurred for his defense in federal court that he had sought to have awarded in federal court. A hearing on the request was set out of plaintiff's presence and without a preconference hearing. Plaintiff requested an extension of time in which to respond. Judge Frankel denied the request. Plaintiff wrote to defendant Frankel, asking him to refrain from hearing the case; this request was denied as well.
 
 
 14
 Plaintiff argued before defendant Frankel that the matter of defendant Schuster's attorney's fees had been determined in federal court and that the matter was res judicata. Despite these arguments, defendant Frankel awarded defendant Schuster the full amount of the attorney's fees and costs he was seeking. Defendant Frankel characterized the fees as having been awarded to defendant Schuster for the expense he had incurred in federal court as a consequence of representing plaintiff's children in the state court child custody proceeding. Defendants had negotiated the outcome of the state court action even before defendant Schuster brought it.
 
 OPINION
 
 15
 Few doctrines are more solidly established at common law than the absolute immunity of judges from liability for their judicial acts, even when they act maliciously or corruptly. Ohse v. Hughes, 816 F.2d 1144, 1154 (7th Cir.1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967). The scope of judicial immunity is defined by the functions it protects, not by the person to whom it attaches. Forrester v. White, 484 U.S. 219 (1988). However, it is unquestioned that immunity applies to "the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." Id.
 
 
 16
 Plaintiff's allegations about defendant Frankel concern judicial acts: the setting of a hearing, the resolution of a dispute and the entry of an award. Although plaintiff contends that defendant Frankel conspired with defendant Schuster in an intentional scheme to disadvantage plaintiff because of his race and national origin, this contention does not change the essential character of the acts or affect the immunity that protects defendant Frankel as a judge from a suit for money damages. This is not because the law encourages or condones conspiracy by judges to violate the rights of litigants who appear before them, but because a greater interest is at stake: protecting the independence of the judiciary for the benefit of the public.
 
 
 17
 Nothing in plaintiff's complaint indicates that there is any possibility that defendant Frankel will take any further action against plaintiff. Therefore, the claim for injunctive relief is groundless and will be dismissed, as will the claim for declaratory relief. Even if this court had authority to declare a state court order invalid, plaintiff has failed to allege any facts that would support an inference that he was denied any federal constitutional or statutory rights by the actions taken by defendants. He has alleged merely that defendant Frankel set a hearing, denied plaintiff a continuance, held a hearing and ordered plaintiff to pay defendant Schuster fees for the time Schuster had been required to spend defending himself in this court. Even if plaintiff is correct in alleging (without any supporting factual allegations) that defendants conspired to achieve this outcome, plaintiff has not shown anything unconstitutional about the outcome. As an appointed guardian ad litem, defendant Schuster is entitled to be paid for the time reasonably and necessarily incurred in carrying out his responsibilities. In this instance, his responsibilities extended to having to defend himself in a law suit arising out of the guardianship and defendant Frankel awarded him fees for the defense.
 
 
 18
 If defendant Schuster had never incurred any expenses and he and defendant Frankel had conjured up a scheme to defraud plaintiff, this would be a different case. However, plaintiff does not allege that defendant Schuster did not incur the expenses he claims; he argues primarily that defendant Frankel acted improperly in awarding fees because the federal court decision on the Rule 11 request meant that Schuster's claim for attorney's fees in state court was barred by the doctrine of res judicata. That is a legal issue. If plaintiff disagreed with defendant Frankel's resolution of the issue, he was free to appeal. (Plaintiff retained the right to appeal even though he had little if any likelihood of prevailing on appeal on the claim that the issue of Schuster's right to attorney's fees was barred by res judicata, since the only issue that was and could have been resolved in this court was whether defendant Schuster was entitled to a Rule 11 award, an issue totally distinct from his entitlement to attorney's fees under state law.)
 
 
 19
 This discussion of the unavailability of declaratory relief demonstrates that plaintiff has failed to state a claim against defendant Schuster on which relief may be granted. Plaintiff's mere supposition that the defendants conspired does not state a claim of constitutional magnitude in the absence of any allegations tending to show that the conspiracy was for an illegal purpose. The conclusion is inescapable that this lawsuit was brought solely as an attempt by plaintiff to avoid paying fees and costs for which he is legally obligated.
 
 ORDER
 
 20
 IT IS ORDERED that the motions to dismiss of defendants John P. Schuster and Judge Mark Frankel are GRANTED. The clerk of court is directed to enter judgment in favor of both defendants with prejudice and with costs.
 
 
 21
 Entered this 7th day of October, 1992.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We note that Ohse v. Hughes, 816 F.2d 1144 (7th Cir.1987), cited on the fourth page of the district court opinion, was vacated by the United States Supreme Court. 485 U.S. 902. Although the decision has been reinstated in part, the section designated "Miscellaneous," which discusses absolute immunity, remains vacated. Oshe v. Hughes, 863 F.2d 22 (7th Cir.1988). However, the doctrine of absolute immunity for judges performing within the scope of their judicial capacity is clearly established law. Mireles v. Waco, 112 S.Ct. 286 (1991)