14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Rory RATHGEB, Plaintiff-Appellant,
v.
CARLINVILLE, ILLINOIS, BOARD OF POLICE COMMISSIONERS, Louis
Stivers, Charles K. Rives, et al., Defendants-Appellees.
 No. 93-2575.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 9, 1993.
Decided Dec. 23, 1993.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 90 C 3180; Richard Mills, Judge.
 C.D.Ill.
 AFFIRMED.
 e BAUER, FRIEDMAN* and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Rory Rathgeb appeals from the district court's decision to grant the defendants' motion for summary judgment. Rathgeb had a full opportunity to litigate in the state court. We therefore affirm on the basis of the attached district court's decision.
 
 ATTACHMENT
 THE UNITED STATES DISTRICT COURT
 
 2
 CENTRAL DISTRICT OF ILLINOIS--SPRINGFIELD DIVISION
 
 
 3
 RORY RATHGEB,
 
 
 4
 Plaintiff,
 
 
 5
 v.
 
 
 6
 CARLINVILLE BOARD OF POLICE COMMISSIONERS, et. al,
 
 
 7
 Defendants.
 
 No. 90-3180
 ORDER
 RICHARD MILLS, DISTRICT JUDGE:
 
 8
 This cause is before the Court on Defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56, Defendants' motion for a protective order and order to suppress, Plaintiff's motion for partial summary judgment pursuant to Fed.R.Civ.P. 56, Plaintiff's motion for admonishment hearing and other sanctions, and Plaintiff's motion to modify the protective order.
 
 I. Relevant Facts
 
 9
 On August 11, 1989, the Plaintiff was discharged from his employment as a police officer by the Board of Police Commissioners for the City of Carlinville following a disciplinary proceeding conducted by Board member Defendants Louis Stivers, Charles Rives, and Virgil Imel. At the disciplinary hearing, Plaintiff was represented by an attorney who cross-examined the city's witnesses and called witnesses on behalf of the Plaintiff. Review of the Board's decision was sought by the Plaintiff by the filing of a complaint on September 13, 1989, in the Circuit Court for the Seventh Judicial Circuit, Macoupin County, Illinois, which named the Board of Police Commissioners, City of Carlinville, as Defendant. In his state court complaint, Plaintiff prayed for a reversal of the Board's termination of him on the grounds that the Board's decision was against the manifest weight of the evidence; cause for discharge did not exist, even assuming the evidence was true; the Board considered evidence not introduced at the hearing, thus denying Plaintiff the opportunity to confront and cross-examine said evidence; and the Board based its decision upon charges that were not made and to which Plaintiff did not have the opportunity to respond.
 
 
 10
 A hearing before the circuit court was held on Plaintiff's complaint following which both parties submitted briefs in support of their positions. In his brief, Plaintiff set forth the following bases for his assertion that the decision of the Board should be reversed. First, the notice of charges against him were not specific enough so as to enable him to intelligently prepare his defense. The Plaintiff argued in his brief that the notice of charges against him were not sufficient under either Illinois law (Ill.Rev.Stat.1989, ch. 24, p 10-2.1-17) or the due process requirements of the United States Constitution. As an example of the insufficiency of the charges, the Plaintiff cited the Board's failure to indicate what policies or rules he was claimed to have breached in the incident involving Elizabeth Fenton.
 
 
 11
 Secondly, in his state court brief, Plaintiff argued that the Board improperly considered an incident which had been the subject of a letter of reprimand by the Chief of Police. That incident involved Plaintiff ticketing a young lady for running a stop sign where, in fact, no stop sign existed. The Plaintiff also argued that said incident was not cause for discharge. Further, Plaintiff asserted that the incident involving Richard and Elizabeth Fenton was not grounds for discharge.
 
 
 12
 In addition, in his state court brief, the Plaintiff asked that the commission's finding that he improperly taped a conversation with Maria Frost be overturned, in part because the Plaintiff had not been charged or given notice of any impropriety regarding that incident and because the Board based its finding on evidence outside of the record. The Plaintiff also argued that the Board's findings relative to his tailing of pizza delivery drivers was not supported by the evidence. He also argued that the claims of other citizens of harassment and intimidation were based on insufficient evidence in the record or evidence not of record.
 
 
 13
 Further, the Plaintiff questioned the impartiality and fairness of the manner in which the Board carried out its functions. Lastly, the Plaintiff argued that the totality of the allegations of citizens' complaints did not rise to the level of "cause" for discharge.
 
 
 14
 On August 6, 1991, the circuit court entered judgment affirming the decision of the Board. In its opinion and order, the court rejected all the arguments made by Plaintiff in his brief, except for his assertion that the Board's finding with respect to the Maria Frost incident was not supported by the evidence of record. Disregarding the Board's finding concerning that incident, the circuit court held the Notice of Charges against Plaintiff were sufficient; that in the conduct of the hearing and entry of its order, the Board did not act unreasonably or arbitrarily; and that the Board's finding that cause for discharge existed was not against the manifest weight of the evidence.
 
 
 15
 Plaintiff appealed the circuit court's judgment to the Illinois Appellate Court, Fourth District. On May 28, 1992, the Appellate Court affirmed the judgment of the Circuit Court of Macoupin County.
 
 
 16
 On August 10, 1990, the Plaintiff filed his complaint herein. Count I is directed against the Board of Police Commissioners and Count II is directed against Board members Stivers, Rives, and Imel in their individual capacities.
 
 
 17
 The Supreme Court of Illinois denied Plaintiff's Petition for Leave to Appeal the order of the Appellate Court on October 29, 1992.
 
 II. Cross Motions for Summary Judgment
 A. Count I
 
 18
 Federal courts are required to give state court judgments the same full faith and credit as they have by law or usage in the state's courts. Pirela v. Village of North Aurora, 935 F.2d 909, 911 (7th Cir.1991). Under Illinois law, to constitute res judicata a decision must involve "(1) identity of parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit." Id. (citations omitted). However, no state court decision may constitute res judicata if the party against whom it is asserted has not had a full and fair opportunity to litigate his claims. Lee v. City of Peoria, 685 F.2d 196, 201 (7th Cir.1982).
 
 
 19
 Plaintiff concedes that the state court action in this case was a judgment on the merits with identity of parties or their privies in the two suits. Pl's Memo. in Opposition to Summary Judgment, at 3. However, Plaintiff argues that he was not afforded a full and fair hearing at the state court level, nor was there an identity of the cause of action in both the state and federal lawsuit.
 
 
 20
 The Court agrees with Defendants' argument that there was an identity of the cause of action in both the state and federal lawsuit. The test for determining if there is one cause of action is as follows:
 
 
 21
 A cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and res judicata bars the latter action.
 
 
 22
 Lee, 685 F.2d at 200. Moreover, the conclusiveness of the judgment extends to "every question relevant to and falling within the purview of the original action, in respect to matter of both claim or grounds of recovery and defense." Welch v. Johnson, 907 F.2d 714, 720 (7th Cir.1990).
 
 
 23
 In the instant case, both the state proceedings and this suit arose from the same core of operative facts, e.g., the events leading up to and concluding in Plaintiff's discharge. In addition, a comparison of the facts and arguments contained in Plaintiff's state court brief to the allegations of Count I of his federal complaint show that the due process violations alleged here were actually raised in the state administrative review proceeding.[1]
 
 
 24
 Further, the different theories of relief sought in the state court and those sought here do not preclude a res judicata effect. Edwards v. City of Quincy, 124 Ill.App.3d 1004, 464 N.E.2d 1125, 1130 (4th Dist.1984). Under Illinois law, even if one group of facts gives rise to different claims for relief, there remains a single cause of action for purposes of res judicata.
 
 
 25
 Plaintiff also alleges five bases in support of his argument that he was denied a "full and fair" administrative hearing.
 
 
 26
 First, Plaintiff contends that the original Board was predisposed to rule against him at his administrative hearing. (Complt. p 11a). Specifically, Plaintiff points to Defendant Stivers' statement at the hearing that he believed that Plaintiff acted against the orders of the Chief of Police in taping his conversation with Maria Frost. (Def's Ex. F, at 117-18). This belief, Plaintiff argues, must have been based on ex parte evidence because there was no evidence before the Board at that time concerning the existence of the taping.
 
 
 27
 The Court does not agree. Plaintiff's state court complaint raised the exact same fairness issues at bar in this proceeding. (Def. Motion for Summary Judgment at paragraphs 2-5). Thus, both the Circuit Court and the Court of Appeals were apprised of Stivers' questioning concerning the Maria Frost taping. Both courts implicitly found that the hearing was constitutionally appropriate. (Appellate Court Order at 31-32, Circuit Court Order at paragraphs 17-18). In addition, the Illinois Appellate Court ruled that Plaintiff waived this argument by not raising it at the administrative hearing. Rathgeb v. Carlinville, No. 4-91-0658, at 23-24 (4th Dist. May 28, 1992).
 
 
 28
 Therefore, because federal courts must give full faith and credit to state decisions, Button, 814 F.2d at 384, this Court must affirm both the state court judgment that Plaintiff's argument was waived and the state court judgment that Plaintiff was afforded full and fair opportunity to litigate his claim. Either one of these judgments is sufficient to dismiss Plaintiff's Count I.
 
 
 29
 Second, Plaintiff claims that during a substantial portion of the administrative hearings, Defendants Bertinetti and Pascoe were present with the Commissioners. The presence of these two interested parties in the jury room, Plaintiff argues, negated an impartial hearing.
 
 
 30
 Again, the Court does not agree. Plaintiff's evidence to support this claim was initially supported by Plaintiff's affidavit. This affidavit stated that Jeanette Baker, an assistant in the City Clerk's office, told Plaintiff that she witnessed Defendants Bertinetti and Pascoe enter the meeting room during the Commissioners' deliberations. What Jeanette Baker told Plaintiff is hearsay, and the Court will not consider such evidence. Fed.R.Civ.P. 56(e). Rather, the affidavits of Baker, Bertinetti, and Pascoe, which comply with Fed.R.Civ.P. 56(e), all verify that Bertinetti and Pascoe did not enter the meeting room during the Commissioners' deliberations.
 
 
 31
 Plaintiff also supports this allegation with a tape recorded conversation allegedly between Chief Reiher (Plaintiff's supervisor) and Plaintiff made on February 10, 1993. This tape recording was made without Reiher's consent or knowledge. In the conversation, Reiher allegedly told Plaintiff that Baker told him that Bertinetti and Pascoe entered the meeting room during the Commissioners' deliberations.
 
 
 32
 There are many reasons which preclude the Court's consideration of the tape. To begin with, Defendant filed a motion for a protective order and to suppress the tape on April 12, 1993. On May 3, 1993, Magistrate Judge Charles H. Evans allowed the motion to exclude the tape because Plaintiff failed to respond to Defendants' motion within the time prescribed by Local Rule 2.9(b). The Court will adopt the reasoning of Judge Evans' order. The Court also finds that the statements of Ms. Baker would be hearsay.
 
 
 33
 In response to Judge Evans' order on May 3, 1993, Plaintiff filed a Motion to modify the protective order on May 21--almost 5 weeks after the original motion for protective order was filed by Defendant (in violation of Local Rule 2.9(b)). In addition, to the extent this motion seeks to modify or object to Judge Evans' May 3, 1993 Order, the motion would have been filed well after the ten day time limit which parties are allowed to object to recommendation made by a U.S. magistrate. 28 U.S.C. Sec. 636(b)(1) (1992).
 
 
 34
 Despite these procedural violations, Plaintiff's motion to modify the protective order is without substantive merit. The motion seeks to admit the Rathgeb-Reiher tape over a hearsay objection because Reiher's statements were party admissions. However, Reiher is not a party to this lawsuit. Nor, as his deposition testimony reflects, could he bind the City by signing any affidavit.
 
 
 35
 In addition, the issue of the Reiher-Rathgeb tape is barred by res judicata. Plaintiff waited until February 1993--almost 2.5 years after his administrative hearing--to obtain the tape. The full and fair opportunity to litigate requirement applies not only to claims which were actually raised, but to those which could have been raised. Welch, 907 F.2d at 725. Plaintiff could have raised his constitutional grounds in the state circuit court proceeding. Id.; Button, 814 F.2d at 384, 385. Thus, the proper course for the Plaintiff in this case "if he wanted to pursue the matter in Illinois courts, was to ask the circuit court to remand the case to the hearing officer for additional findings." Button, 814 F.2d at 385--not to wait 2.5 years later to raise this issue in federal court.
 
 
 36
 Third, Plaintiff argues that his punishment was far more severe than punishment levied for more serious offenses. This argument is irrelevant and barred by res judicata. The judgments of the state courts were supported by sufficient evidence. Plaintiff could have and should have raised this ground in the state court proceedings.
 
 
 37
 Fourth, Plaintiff alleges that Defendants Albertine or Pascoe solicited complaints about the Plaintiff's professional conduct from the citizens of Carlinville. This is also irrelevant and barred by res judicata. The judgments of the state courts were supported by sufficient evidence. Plaintiff could have and should have raised this ground in the state court proceedings.
 
 
 38
 Fifth, Plaintiff claims that the Board violated his right to procedural due process by hearing charges for which no notice was given. This argument has been waived by Plaintiff as noted by the Illinois Appellate Court. Rathgeb v. Carlinville, No. 4-91-0658, (Ill.Ct.App., 4th Dist., May 28, 1992), at 21-22.[2]
 
 B. Count II
 1. Collateral Estoppel
 
 39
 Count II of Plaintiff's complaint is brought against Board members Stivers, Rives, and Imel in their individual capacities. Other than the fact it alleges a cause of action against the Defendants in their individual capacities, Count II alleges the same cause of action as in Count I.
 
 
 40
 Normally, Government employees (in their individual capacities) are not in privity with their government employer. Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir.1984). However, Defendants are still entitled to contend that collateral estoppel precludes the relitigation of factual or legal issues that were decided in the state administrative review proceeding. Id.
 
 
 41
 In this case, the controlling issue in the state administrative review proceedings was whether Plaintiff was wrongfully discharged. That issue, as mentioned above, was decided against the Plaintiff in state court. Since Plaintiff is barred from re-litigating the issue of whether he was wrongfully discharged, he cannot now recover any damages stemming out of the discharge. Edwards v. City of Quincy, 124 Ill.App.3d 1004, 464 N.E.2d 1125 (1984).
 
 
 42
 Furthermore, as in Count I of Plaintiff's Complaint, the issues raised by Plaintiff in this Court were decided in the prior administrative ruling (as were the allegations that Plaintiff did not receive a fair and impartial hearing). Therefore, the Court must grant summary judgment to Defendant on Count II of Plaintiff's Complaint.
 
 2. Judicial Immunity
 
 43
 In the alternative, Defendants next contend that the Board members are protected by the doctrine of judicial immunity. The Court agrees. Local officials acting in a judicial capacity enjoy absolute immunity from damage suits for their judicial acts. Reed v. Village of Shorewood, 704 F.2d 943, 951 (7th Cir.1983) (a local liquor commissioner in Illinois acts in a judicial capacity when passing on renewal and revocation questions and that the fact he was a local rather than a state officer made no difference in the application of absolute judicial immunity).
 
 
 44
 Plaintiff argues that Reed is inapplicable to the case at bar because the local Board of Police Commissioners in this case was created the municipality, and is "not clothed with office and created by state law (as was the local liquor commissioner in Reed )." Plaintiff offers no support for this distinction. Moreover, it appears the existence of qualified immunity turns more on the nature of the Board's administrative proceeding. Qualified immunity is more often found when the proceeding serves as an adjudicatory function--with adequate procedural safeguards. See Ohse v. Hughes, 863 F.2d 22, 23-24 (7th Cir.1988); Scott v. Schmidt, 773 F.2d 160, 163 n. 4 (7th Cir.1985); Bettencourt v. Board of Registration in Medicine of Massachusetts, 904 F.2d 772 (1st Cir.1990).
 
 
 45
 Here, the administrative proceeding was found to provide adequate procedural safeguards by state court proceedings. Further, the Board of Police Commissioners acts as judge and fact-finder. Commissioners cannot discharge a police officer except for cause, upon written charges, and after a fair and impartial hearing of the charges. Further, as an "administrative agency" as defined in Ill.Rev.Stat., ch. 110, p 3-101, the Board of Police Commissioners is subject to the provisions of the Illinois Administrative Review Act.
 
 
 46
 In addition, the alleged acts of the Commissioners in investigating and formulating a new charge after the close of evidence was not outside the scope of judicial duties. To begin with, no credible evidence supports these claims. Judicial immunity is also not affected by erroneous acts, impure motives, or injurious consequences to the Plaintiff. Schmidt, 773 F.2d at 164.
 
 
 47
 Finally, because Count II only prays for monetary damages (as opposed to declaratory or injunctive relief), the Court must dismiss it on the grounds of judicial immunity.
 
 C. Count III and IV
 
 48
 1. Prosecutorial Immunity--Defendant Bertinetti
 
 
 49
 As set forth in Defendant Bertinetti's affidavit, he was the municipal attorney for the City of Carlinville. As the municipal attorney, he was delegated by statute to handle all prosecutions before the Board of Police Commissioners. Ill.Rev.Stat. ch. 24, p 10-2.1-25 (1987).
 
 
 50
 Therefore, Bertinetti is entitled absolute prosecutorial immunity. Butz v. Economou, 438 U.S. 478, 515-516 (1978).
 
 
 51
 2. Qualified Immunity--Defendant's Pascoe, Bertinetti
 
 Albertine, Loveless and Hacke
 
 52
 Defendant next argues that the above Defendants are entitled to good faith qualified immunity. To be entitled to immunity from individual liability for damages on the ground of good faith for an act allegedly violating constitutional rights, an official must meet two tests: (1) He must be acting, not "with malicious intention to cause a deprivation of constitutional rights or other injury to the [plaintiff]," but "sincerely and with a belief that he is doing right;" (2) If he meets the first test, he is liable only "if he knew or reasonably should have known" that his act "would violate the constitutional rights" of the plaintiff. Hostrop v. Board of Jr. College Dist. No. 515, 532 F.2d 569 (7th Cir.1975).
 
 
 53
 The Court finds that there is no factual dispute as to either of the Hostrop elements. First, as set forth in Defendants' affidavits, there was no malicious intention. Defendants' actions in this matter were taken in furtherance of their discretionary authority to maintain the policies and procedures of the police department and to mediate citizens' complaints. After having received numerous complaints concerning Plaintiff's job practices on the night shift, Defendant Mayor Pascoe assigned Plaintiff to the day shift and made attempts to meet with Plaintiff to try to avoid having to refer the complaints to the Board of Police Commissioners for disciplinary action. The affidavits of the Defendants show that they were not acting with a malicious intent to violate Plaintiff's constitutional rights.
 
 
 54
 Nor does Plaintiff offer any evidence to refute the above findings. Plaintiff does argue that Commissioner Stivers' statements concerning Maria Frost were the product of ex parte communications. However, no evidence supports any allegation that it was one of the Defendants who communicated with Stivers. Nor does this show malicious intent. There is also no competent evidence that any of the Defendants were present during the deliberations of the Board of Commissioners.
 
 
 55
 Second, there was no dispute that any of the Defendants knew that Plaintiff's constitutional rights were being violated. Indeed, as the state courts found, no constitutional rights were violated. The procedures outlined in Ill.Rev.Stat., ch. 24, p 10-2.1-17, were followed in this case. Moreover, the decision of the Circuit Court of Macoupin County affirming the Board's discharge of Plaintiff collaterally estops Plaintiff from relitigating this issue before the Court.
 
 
 56
 D. Motion for Sanctions and Admonishment Hearing
 
 
 57
 Plaintiff also moves for sanctions and an admonishment hearing. Specifically, Plaintiff asks the Court to admonish Chief Reiher because he allegedly has given three different versions of his conversation with Ms. Baker. However, the Court finds no contradiction in any of Chief Reiher's statements. He simply has no recollection. Additionally, this issue is moot because of res judicata.
 
 
 58
 Second, Plaintiff asks the Court to sanction Chief Reiher for not producing a police log tape of a phone conversation he allegedly had on February 10, 1993. However, Chief Reiher is not a party to this litigation. He has no recollection of the phone call. He is unable to produce any tape in accordance with the subpoena. Inability to produce a document is an adequate excuse against a motion for sanctions. United States v. Bryan, 339 U.S. 323, 330 (1949). Indeed, it is not clear if there is a recorded phone line from the record. Chief Reiher only claims that a "log" is kept on some of the phone lines. Reiher dep. at 56. In any event, the underlying issue that the phone conversation implicates, namely, whether Defendants entered the boardroom is moot because of res judicata.
 
 
 59
 Ergo, Defendants' motion for summary judgment (d/e 25) is ALLOWED. Plaintiff's motion for partial summary judgment (d/e 31) is DENIED. Defendants' motion to suppress (d/e 43) is ALLOWED. Plaintiff's motion for admonishment hearing (d/e 48) is DENIED. Plaintiff's motion to modify protective order (d/e 55) is DENIED.
 
 
 60
 Case CLOSED.
 
 
 
 *
 The Honorable Daniel M. Friedman, Circuit Judge for the United States Court of Appeals for the Federal Circuit, is sitting by designation
 
 
 [1]
 The Court makes this finding based on the representation of Defendant. (Def. Memo for Summary Judgment, at 8). Plaintiff does not contest this representation. However, the actual pleadings filed in state court are not before the Court
 
 
 [2]
 The Court also finds that the remaining allegations made by Plaintiff in Count I, Paragraph 11, are barred by res judicata